```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re Residential Capital, LLC.                                  :
                                                                 :
                                                  Debtor.        :      1:16-cv-8549-GHW
-----------------------------------------------------------------X
                                                                 :      MEMORANDUM OPINION
Richard D. Rode,                                                 :          AND ORDER
                                                                 :
                                              Appellant,         :
                                                                 :
                 v.                                              :
                                                                 :
ResCap Borrower Claims Trust,                                    :
                                                                 :
                                              Appellee.          :
-----------------------------------------------------------------:
                                                                 X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/28/16

GREGORY H. WOODS, United States District Judge:

Appellant filed this bankruptcy appeal on November 2, 2016. When Appellant failed to file an opening brief within the time to do so, the Court ordered Appellant to show cause as to why this appeal should not be dismissed pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4). Appellant did not respond to the Court's order to show cause. The Court now concludes that this appeal should be dismissed.

**I.   BACKGROUND**

Appellant Richard Rode, a creditor of debtor Residential Capital, LLC, filed a notice of appeal from a decision of the United States Bankruptcy Court for the Southern District of New York (Glenn, B.J.) on November 2, 2016. Dkt. No. 1. On November 14, 2016, Appellant filed a "Designation of Bankruptcy Record on Appeal." Dkt. No. 3. The following day, the Court issued an order which stated that, pursuant to Fed. R. Bankr. P. 8018, Appellant's brief was due by December 13, 2016.[1] Dkt. No. 4. Appellant failed to file his opening brief by December 13, 2016

---

[1] Although Fed. R. Bankr. P. 8018(a)(1) provides a default rule that an appellant's brief is due "within 30 days after the


and, on December 16, 2016, the Court ordered Appellant to show cause as to why this appeal should not be dismissed pursuant to Fed. R. Bankr. P. 8018(a)(4) for failure to file his brief within the time to do so. Dkt. No. 10. Appellant's response to the Court's order to show cause was due no later than December 22, 2016. To date, the Appellant has not filed a response to the order to show cause, nor has he requested an extension of time to file his opening brief.[2]

## II. LEGAL STANDARD

Fed. R. Bankr. P. 8018(a)(4) provides that "[i]f an appellant fails to file a brief on time . . . the district court . . . after notice, may dismiss the appeal on its own motion." Although the "time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines . . . the court should exercise discretion to determine whether dismissal is appropriate in the circumstances." *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987). The district court's "decision to dismiss will be affirmed unless it has abused its discretion." *Id.* "[W]here the Appellant's failure to file a brief is at issue, the Court must use its discretion to determine" whether dismissal is warranted. *In re Futterman*, No. 99-cv-8793 (DAB), 2001 282716, at *3 (S.D.N.Y. Mar. 21, 2001) (quoting *In re Tampa Chain Co.*, 835 F.2d at 55).

---

docketing of notice that the record has been transmitted or is available electronically," the Rule also provides that the district court may "specif[y] [a] different time limit[]." Here, the Court ordered that Appellant file his opening brief by December 13, 2016 – *i.e.*, within 30 days of Appellant's filing of the "Designation of Bankruptcy Record on Appeal."

[2] The Court has not sought the views of any other party as to the appropriate sanction for Appellant's failure to file his opening brief on time, given that there do not appear to be any other parties to this appeal. While the ResCap Borrower Claims Trust (the "Borrower Trust") is listed as the Appellee on the ECF docket sheet in this matter, counsel for the Borrower Trust wrote to the Court on November 28, 2016, stating that, while the Borrower Trust was a co-proponent of the joint motion whose denial is presently on appeal to this Court, "it did not join Mr. Rode in filing this Appeal and will not be seeking to join in the Appeal. As such the Borrower Trust is not properly a party to the Appeal." Dkt. No. 6. In response to a November 29, 2016 order of the Court directing the parties to advise the Court as to "whether [they] believe there are any other parties of interest to this appeal, and whether the parties expect that any opposition papers will be filed in response to Appellant's opening brief," Dkt. No. 7, counsel for the Borrower Trust stated that it is "unaware of any other parties in interest to the appeal, and does not expect that any opposition papers will be filed in response to Appellant's opening brief." Dkt. No. 8. This Court also understands that no party opposed the joint motion in the bankruptcy court, the denial of which is presently on appeal. Appellant did not make any submissions in response to the Court's November 29 order.

The Court also observes that while Fed. R. Bankr. P. 9006(b)(1) permits an extension of time for "an act required or allowed to be done" under the rules, even "after the expiration of the specified period" where "the failure to act was the result of excusable neglect," Appellant has not requested an extension of time to file his brief or even attempted to establish excusable neglect.  In *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993), the Supreme Court interpreted Rule 9006's "excusable neglect" standard to permit courts to "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388.  In determining whether excusable neglect exists, a court should "[t]ake [into] account . . . all relevant circumstances surrounding the party's omission, including [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (quoting *Pioneer*, 380 U.S. at 395) (internal quotation marks omitted).  "In the 'typical' case, three of the *Pioneer* factors – the length of the delay, the danger of prejudice, and the movant's good faith – usually weigh in favor of the party" who has failed to abide by the relevant deadline.  *Id.* (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003)).  The *Pioneer* factors do not carry equal weight, however, and the Second Circuit has "focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Id.* (citation and internal quotation marks omitted).

The Second Circuit has "taken a hard line in applying the *Pioneer* test."  *Id*; *In re Quebecor World (USA), Inc.*, No. 15-cv-2112 (JPO), 2015 WL 4877422, at *1 (S.D.N.Y. Aug. 14, 2015).  Indeed, the Court of Appeals has indicated that "failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect" and that where the "rule is entirely clear, [the Second Circuit] continue[s] to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *In re Lynch*, 430 F.3d 600, 604 (2d Cir. 2005) (quoting *Canfield v.*

3

*Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997)).

### III.  DISCUSSION

As noted above, Appellant failed to file his opening brief within the time provided in the Court's November 15, 2016 scheduling order.  Appellant also failed to respond to the Court's December 16, 2016 order to show cause.  Further, Appellant has not requested an extension of time to file his opening brief or to respond to the order to show cause.  "Courts in this District have dismissed appeals for an appellant's complete failure to file a brief, as opposed to a late filing." *In re Futterman*, 2001 WL 282716, at *3 (collecting cases).  For example, in *In re Berlin & Denmar Distributors, Inc.*, No. 14-cv-5749 (LGS), 2014 WL 4354748 (S.D.NY. Sept. 2, 2014), the district court granted appellee's motion to dismiss appellant's appeal in light of appellant's failure to file an appellate brief and its further failure to oppose or otherwise respond to appellee's motion.  And in *In re Vega*, No. 93-cv-0083 (LLS), 1995 WL 254368 (S.D.N.Y. May 1, 2995), although the district court found that it lacked jurisdiction to consider the bankruptcy appeal due to appellant's failure to timely file a notice of appeal, the court reasoned that the appeal would still have to be dismissed notwithstanding the jurisdictional defect in light of appellant's failure to file an appellate brief.  In this case, Appellant did not file an appellate brief, did not respond to the Court's order to show cause, and did not request an extension of time to make either submission (or any other submission, for that matter).  The Court will therefore exercise its discretion and dismiss Appellant's appeal.

Furthermore, applying the *Pioneer* factors to this case, the Court concludes that dismissal of this appeal remains appropriate.  The Court assumes that Appellant has acted in good faith, and that the danger of prejudice to the debtor is slight.  The Court also notes that the length of the time since Appellant's brief was due – approximately two weeks – is not substantial (though this period of delay would only continue to grow given that Appellant has not sought an extension of time to file this brief.)  At bottom, however, this Court must, under governing Second Circuit precedent, "focus[] on the third factor:  the reason for the delay, including whether it was within the reasonable

4

control of the movant." *In re Enron Corp.*, 419 F.3d at 122. In a typical case, the appellant offers some reason for having missed the relevant deadline and requests an extension of time in which to file an opening brief. *See, e.g., In re Quebecor*, 2015 WL 4877422, at *1; *Seinfeld v. Worldcom, Inc.*, No. 06-cv-13274 (DLC), 2007 WL 987867, at *2 (S.D.N.Y. Apr. 4, 2007). Here, by contrast, Appellant made no submissions in response to the Court's order to show cause, and the Court is left with no information regarding the reason for Appellant having missed the deadline to file his brief. Under these circumstances, the Court cannot conclude that the reason for the delay was not within the "reasonable control" of Appellant. And because the deadline for Appellant to file his brief was "entirely clear," Appellant cannot show excusable neglect and "lose[s] under the *Pioneer* test." *Id.* at 123.

## IV. CONCLUSION

For the reasons stated above, this appeal is DISMISSED. The Clerk of Court is directed to terminate this appeal and to close this case.

SO ORDERED.

Dated: December 28, 2016  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge